MEMORANDUM **
California state prisoner Michael W. Hudson appeals pro se from the district court’s judgment denying his 28 U.S.C. § 2254 petition challenging his conviction for four counts of robbery with use of a knife and one count of attempted robbery. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
Hudson’s request to expand the record to include “Exhibit A” to his opening brief is denied.
Hudson contends that his constitutional rights were violated by the admission of evidence regarding a 1986 robbery. Because the admission of this evidence did not render the trial fundamentally unfair, we reject this contention, and conclude that no evidentiary hearing was required. See Estelle v. McGuire, 502 U.S. 62, 68-70, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Hudson contends that a jury instruction regarding possession of stolen property violated his right to due process. We conclude that the jury instructions, viewed as a whole, did not violate Hudson’s right to due process. See Estelle, 502 U.S. at 71-73, 112 S.Ct. 475. Next, Hudson contends that he received ineffective assistance of counsel. We conclude that the representation of counsel was reasonable. See Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Hudson contends that the failure of one victim to testify and the alleged hearsay testimony of another victim violated his Sixth Amendment right to confront witnesses. The Confrontation Clause guarantees the right to cross-examination of witnesses but does not compel the testimony of each victim. See United States v. Owens, 484 U.S. 554, 559, 108 S.Ct. 838, 98 *930 L.Ed.2d 951 (1988); U.S. Const. amend. VI. Hudson has also failed to show that any of the testimony presented constituted inadmissible testimonial hearsay. See Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Finally, Hudson contends that the prosecutor engaged in misconduct by knowingly presenting false evidence. This contention is rejected because it is unsupported by the record, and thus Hudson has not shown that he was deprived of a fair trial. See United States v. Sanchez-Robles, 927 F.2d 1070, 1077 (9th Cir.1991).
Accordingly, we conclude that the state court’s decision was not contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court. See 28 U.S.C. § 2254(d).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.